UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASAN AHMED MOQBEL AL GALHAM,

    Plaintiff,

v.

Case No. 09-10733
Hon. Lawrence P. Zatkoff

MICK DEDVUKAJ, TERRANCE BERG,
JANET NAPOLITANO, and ERIC HOLDER,

    Defendants.

    _____/

## **OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 19, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## **I. INTRODUCTION**

This matter is before the Court on Defendants' motion for summary judgment. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendants' motion for summary judgment is GRANTED.

## **II. BACKGROUND**

Plaintiff is a Yemeni national and, since April 24, 1999, a permanent resident of the United States. Plaintiff applied for United States citizenship on January 3, 2007.

Plaintiff contends that he is unable, due to a disability, to complete the English language,

United States history, and United States civics portions of the naturalization petition. Plaintiff concedes that if he were required to complete those portions of the examination, he would not attain the necessary scores. Plaintiff therefore sought a disability waiver of those requirements pursuant to 8 U.S.C. § 1423(b)(1). To that end, when Plaintiff applied for naturalization, he submitted a N-648 Medical Certification for Disability Exception prepared by Dr. Firoza Van Horn, a psychiatrist, and dated April 3, 2006, in which Dr. Van Horn concluded that Plaintiff was developmentally disabled and unable to learn, or demonstrate knowledge of, the required information.

Plaintiff first appeared for an interview with United States Citizenship and Immigration Services (USCIS) on August 7, 2007, where he submitted another N-648 from Dr. Van Horn, dated July, 7, 2007. At that interview, Plaintiff was requested to provide the original N-648 (*i.e.*, the April 3, 2006, form) and additional evidence of his disability.

Plaintiff attended a second interview on October 15, 2007, at which he provided Dr. Van Horn's original N-648. He also supplied medical reports indicating that he suffered a closed-head injury in a May 24, 1997, automobile accident in Yemen.

On October 27, 2007, USCIS issued an opinion denying Plaintiff's application for naturalization. The decision cited Plaintiff's inability to provide sufficient evidence of his disability, and it noted that Dr. Van Horn's diagnosis conflicted with the designated civil surgeon's assessment of Plaintiff's medical status at the time he entered this country, who made no indication that Plaintiff was mentally impaired.

Plaintiff appealed the agency's adverse decision on November 27, 2007. A hearing was conducted on May 8, 2008, which included the presentation of a January 28, 2008, addendum from Dr. Van Horn. In a February 2, 2009, correspondence, USCIS informed Plaintiff that its disposition

would not be changed.

Plaintiff filed the current lawsuit on February 26, 2009, seeking review of the denial of his application for naturalization. The parties agreed that Plaintiff could submit another N-648 for consideration in this proceeding. Plaintiff first provided a N-648 signed by Dr. Madhu Mendirarra, a psychiatrist, but Plaintiff used a previous version of the N-648 form that USCIS no longer accepted. Plaintiff then submitted a current N-648 form completed instead by Dr. Mahmoud Rahim, Plaintiff's regular, treating physician. Defendants have now moved for summary judgment.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The moving party must also set forth facts sufficient to establish its case: "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV. ANALYSIS

Plaintiff seeks review of the denial of his waiver request, and correspondingly, his petition for naturalization. Defendants maintain that the issue was properly decided in the first instance because Plaintiff failed to provide sufficient evidence of his disability to warrant a waiver of the testing requirements.

A person seeking to become a naturalized United States citizen must demonstrate: (1) "an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language . . ."; and (2) "a knowledge and understanding of the history, and of the principles and form of government, of the United States." 8 U.S.C. § 1423(a)(1)–(2). This requirement does not apply to "any person who is unable because of physical or developmental disability or mental impairment to comply therewith" *Id.* § 1423(b)(1).

If a petition for naturalization is denied, the petitioner may seek review of that decision in the federal district court where that person resides. *Id.* § 1421(c). The reviewing court is to "make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." *Id.* Despite this language, courts have concluded that "it is proper to conduct this review within the context of a motion for summary judgment." *See Hassan v. Dedvukaj*, No. 09-10716, 2010 WL 199931, at *4 (E.D. Mich. Jan. 19, 2010). When, as here, there exist no issues of material fact, the court may properly grant summary judgment. *See id. See also Chan v. Gantner*, 464 F.3d 289, 295–96 (2d Cir. 2006); *Ni v. U.S. Citizenship & Immigration Servs.*, No. 08-3883, 2009 WL 649156, at *4 (C.D. Cal. Mar. 9, 2009). However, "[u]nlike the typical administrative review of an agency decision, the Court's review of the denial of a naturalization application is not deferential." *Hassan*, 2010 WL 199931, at *4.

To establish a disability and obtain a waiver under § 1423, the petitioner must submit a N-

648 with his or her naturalization petition. *See* 8 C.F.R. § 312.2(b)(2). USCIS has provided guidance clarifying what information a sufficient N-648 form requires. *See* Defs.' Ex. A.4. When completing the N-648, the reviewing medical professional "must ensure" that the form contains:

> (1) An explanation of the origin, nature, and extent of the medical condition which is established and documented by medically acceptable clinical or laboratory diagnostic techniques, including a list of the medically acceptable clinical or laboratory diagnostic tests used in diagnosing the condition.
>
> (2) An explanation of how the applicant's diagnosed medical condition or impairment so severely affects the applicant that it renders him/her unable to learn or demonstrate knowledge of English/ and/or United States history or government.
>
> (3) An attestation that the disability has lasted, or is expected to last, 12 months or longer; and
>
> (4) An attestation that the disability is not the direct effect of the illegal use of drugs.

*Id.* at pp. 2–3.

Defendants contend that the Court should consider only Dr. Rahim's N-648 form when deciding this matter, because the parties agreed that Dr. Rahim's form would be prepared specifically for use in this litigation. Defendants therefore maintain that Plaintiff should be estopped from using Dr. Van Horn's prior form to defend this motion.

The resolution of that issue, however, is unnecessary because, based on the Court's review of the records, neither of the submitted N-648 forms contain all of the required information. Dr. Rahim's N-648 consists of little more than a few hand-jotted notes, at some points illegible, that overall fail to meet the level of detail and information necessary to satisfy the statutory requirements. For example, the revised N-648 form asks the following question:

> What medically acceptable clinical or laboratory diagnostic

> techniques were used to arrive at this diagnosis, as well as the plan of treatment administered, in any? (List and provide the results and conclusions drawn from these tests.)

Defs.' Ex. B.1, p. 4.

Dr. Rahim's response, *in toto*, to that query stated:

> Sustained head injury 1997 with skull fracture [illegible] and concussion. Since then he is forgetfull [sic] and mentally retarded and unable to learn any new [illegible]."

*Id*. That answer is generally non-responsive to the query and clearly insufficient to establish the techniques used in the diagnosis. Dr. Rahim's other responses are similarly lacking.

Dr. Van Horn's N-648 form contains substantially more information and analysis than Dr. Rahim's, but it also fails to address all of the necessary factors. While the form details Dr. Van Horn's observations of Plaintiff's symptoms and characteristics, it offers no documentation or indication of the types of medically acceptable diagnostic techniques used to establish Plaintiff's disability, nor does the form include a list of medically acceptable tests used in diagnosing Plaintiff's condition. This was among the reasons that Plaintiff's application was denied at the agency level, and this shortcoming has not been rectified by the addition of Dr. Rahim's form.

When reviewing a N-648, a medical professional's diagnosis should generally be assumed valid, unless there is credible doubt to the validity of that diagnosis. *See* Defs.' Ex. A.4, p. 6. Credible doubt may be established if, *inter alia*, "the medical professional neglected to conduct specific medical, clinical, or laboratory diagnostic techniques that are considered standard methods in diagnosing the applicant's medical condition." *Id*. at p. 7.

Here, there is no evidence of what techniques Dr. Van Horn utilized in her assessment. By comparison, Dr. Van Horn also submitted a N-648 in support of the plaintiff in *Hassan*. The court

6

noted that Dr. Van Horn applied the Wechsler Adult Intelligence Test III, the Bender Gestalt Visual Motor Test, and the Bracken Basic Concept Skills test in assessing the plaintiff. *See* 2010 WL 199931, at *8. Plaintiff's N-648 contains no such documentation, and therefore, any reviewing body, including this Court, is unable to determine how or why Dr. Van Horn arrived at her diagnosis, or whether it comports with established medical techniques and procedures.

The Court finds the facts of this case akin to those in *Zilkic v. U.S. Citizenship Immigration Service*, No. C-08-04781, 2009 WL 1010836 (N.D. Cal. Apr. 14, 2009). In *Zilkic*, the court entered summary judgment, reasoning "[w]hile Plaintiff's doctor provided a considerable amount of information, he did not provide all the required information, and Plaintiff's application was properly denied." *Id*. at *3. Likewise, it appears to the Court that, although Plaintiff has submitted some of the required information, that information does not sufficiently address all of the established requirements. Plaintiff's application was therefore properly denied by the agency.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Defendants' motion for summary judgment [dkt 19] is GRANTED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2010

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 19, 2010.

                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290